UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cr-00109-SRC |
| ) | |
| DEXTER LEWIS, ) | |
| ) | |
| Defendant. ) | |

## Order

Defendant Dexter Lewis moves to suppress all evidence seized and all statements made during an encounter with police on January 28, 2023. Doc. 33. Law enforcement officers claim that they attempted a traffic stop on Lewis for violating a stop sign; however, instead of stopping, Lewis fled at a high rate of speed. Doc. 53, Evid. Tr. 6:18–23; doc. 42 at 2.[1] Lewis claims that he did not violate a stop sign and that law enforcement violated his Fourth Amendment rights by the attempted stop and pursuit. Doc. 33 at 5. The magistrate judge prepared a report and recommendation, doc. 54, and the Court now considers Lewis's objections to the R&R, doc. 55.

When a party objects to a magistrate judge's report and recommendation, the district judge must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). In making its de novo determination, the Court

---

[1] The Court cites to the page numbers assigned by CM/ECF.

reviewed the entire record, including the transcript of the December 5, 2023 evidentiary hearing. *See* docs. 33, 42, 48, 50–55, 60.

Lewis's motion to suppress, doc. 33, and his objections to the magistrate judge's R&R, doc. 55, are almost identical. Lewis does not specifically object to the findings of fact or conclusions of law in the R&R. *See* doc. 55. Lewis's objections thus do not comply with the specificity requirement of the law. *See* 28 U.S.C. § 636(b)(1); *Lothridge*, 324 F.3d at 600. Nonetheless, the Court has conducted a de novo review and finds that the magistrate judge has accurately set forth the facts supported by the record, with one exception. Page three of the R&R states that Lewis's "statements were not captured on the video introduced as evidence." Doc. 54 at 3. However, the video submitted as United States' Exhibit 1 does capture Lewis admitting that something is his and that he purchased an item from a "crackhead" at a gas station lot. *See* United States' Ex. 1 at 31:30–32:30. The United States asserts that testimony would support that the item to which Lewis was referring was the firearm at issue. *See* doc. 60 at 2. The Court finds that the magistrate judge accurately set forth the conclusions of law.

Accordingly, the Court adopts, incorporates, and sustains all findings of fact (except as otherwise stated above) and conclusions of law as set forth in the magistrate judge's [54] R&R and overrules Lewis's [55] objections. The Court denies Lewis's [33] Motion to Suppress.

So ordered this 12th day of February 2024.

*SLR. CR*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE
